# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>MICHAEL ALLEN HEDGES,<br><br>                      Petitioner. | No. 53591-2-II<br><br><br><br><br>UNPUBLISHED OPINION |

LEE, A.C.J. — Michael Hedges seeks relief from personal restraint resulting from his 2016 plea of guilty to second degree assault with sexual motivation, third degree assault, and residential burglary.[1] Because he was convicted of a sex offense, the trial court imposed a set of conditions in his judgment and sentence, Appendix H, section (b), including the following:

> 2) The defendant shall have no contact with minor aged children without prior approval of the Community Corrections Officer and/or treatment provider.
> 3) The defendant shall hold no position of authority or trust involving minor aged children.

Resp. to Personal Restraint Pet., App. A, at 18.

---

[1] Because the State concedes that Hedges's judgment and sentence is facially invalid, his petition is not subject to RCW 10.73.090's time-bar.

No. 53591-2-II

Hedges argues that these conditions should be stricken because they are not crime related in that the victim of his crimes was an adult woman. The State concedes that he is correct. We agree with Hedges and accept the State's concession.

Sentencing courts may order an offender to comply with crime-related prohibitions while they are on community custody. RCW 9.94A.703(3)(f). Here, Hedges was convicted of offenses against an adult. Therefore, the challenged community custody prohibitions relating to minors are not crime related. Accordingly, we grant Hedges's petition and remand to the trial court to vacate the above conditions from his judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
LEE, A.C.J.

We concur:

_____
WORSWICK, J.

_____
GLASGOW, J.

2